IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD S WHITE,

    Plaintiff,
v.                                           CASE NO. 4:18-cv-210-MW-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate serving a life sentence in the custody of the Department of Corrections and presently confined at Hardee Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Because Plaintiff failed to use the Court's form for prisoner civil rights complaints, the Court ordered him to file an Amended Complaint. The Amended Complaint, ECF No. 5 ("Complaint"), is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, the undersigned recommends that this case be dismissed.

    The Complaint stems from the conditions of confinement at Jefferson CI. Plaintiff alleges that he was on a work crew removing tile at Jefferson CI in August 2014 and that he was exposed to friable asbestos and

hazardous chemicals during the removal.  Plaintiff alleges that the exposure caused a heart condition, and that medical staff at Jefferson CI delayed performing an EKG for several days.  Plaintiff alleges that Defendants, all of whom are DOC and prison officials, acted with deliberate indifference in causing his exposure to such unsafe conditions.  For relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief preventing Defendants from assigning inmates to work with hazardous materials without proper precautions.  ECF No. 5.

      Plaintiff executed the complaint under penalty of perjury.  ECF No. 5 at 11.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  *Id.* at 3-4.  The form expressly warns that

"FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." *Id.* at 3. In response to these questions, Plaintiff affirmatively represented that he had filed *no* prior state or federal cases, other than the original complaint that initiated this case. *Id.*

A review of the Court's PACER Case Locator reflects that Plaintiff has filed several prior federal civil rights cases while he was incarcerated, including the following: *White v. Johnson*, Case No. 3:97-cv-532-HES (M.D. Fla. 5/8/1997) (dismissing case for abuse of the judicial process); *White v. Johnson*, Case No. 3:97-cv-615-WTH (M.D. Fla. 6/29/1998) (granting motion to dismiss and summary judgment for defendants); *White v. Jones*, Case No. 3:97-904-HES (M.D. Fla. 7/9/1998) (granting summary judgment on 6th and 8th Amendment claims; dismissing due process claims as frivolous). The Court has determined that the Plaintiff in these prior cases is the same as the Plaintiff in the instant case, having DOC inmate #044964.[1]

---

[1] The PACER index also reflects that Plaintiff likely filed the following cases: *Reginald S. White v. Edmund*, Case No. 8:92-cv-43-RWN (M.D. Fla. 1/14/1992) (dismissing complaint as frivolous); *Reginald S. White v. Jones*, Case No. 3:97-cv-75-UA (M.D. Fla. 3/17/1997) (dismissing case for failure to exhaust administrative remedies). The dockets for these cases do not, however, include the Plaintiff's inmate

*Page 4 of 7*

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

---

number and therefore the Court cannot conclusively determine that they are Plaintiff's without requesting retrieval of the documents from storage.  Plaintiff is warned that if such cases were filed by him, they must be disclosed in any future complaint.

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case

should not be dismissed prior to recommending dismissal.  The Court has not done so because there can be no plausible excuse for Plaintiff's failure to disclose the existence of a substantial number of prior cases, even if they are several years old.  Further, upon review of the instant complaint the Court finds that Plaintiff will not be prejudiced by the imposition of dismissal as a sanction.  There are no allegations suggesting that the events alleged in the Complaint at Jefferson CI are ongoing with respect to Plaintiff, or that he is not being provided with any necessary medical care at his current institution.

The undersigned therefore concludes that dismissal of this case without prejudice as malicious for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff has incurred three strikes, he will be unable to proceed as a pauper in a civil case filed in federal court, absent a showing that he faces imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** as malicious for abuse of the judicial process pursuant to 28 U.S.C.

§ 1915A(b).

**IN CHAMBERS** this 31st day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**